[Cite as *Henderson v. Cuyahoga Cty. Div. of Children and Family Servs.*, 2026-Ohio-2829.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SHONTE HENDERSON,                    :

    Plaintiff-Appellant,             :

                        No. 115997

    v.                               :

CUYAHOGA COUNTY DIVISION             :
OF CHILDREN AND FAMILY
SERVICES,                            :

    Defendant-Appellee.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 23, 2026

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-121629

---

### *Appearances:*

Shonte Henderson, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Leslie J. Shafer, Assistant Prosecuting Attorney, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant Shonte Henderson ("Henderson") appeals the judgment of the trial court dismissing, for lack of subject-matter jurisdiction, her

R.C. 2506.01 administrative appeal from a July 8, 2025 disposition letter issued by defendant-appellee Cuyahoga County Division of Children and Family Services ("CCDCFS").  After a thorough review of the record and applicable law, we affirm.

## I.      Facts and Procedural History

{¶ 2}  The trial court dismissed Henderson's appeal pursuant to Civ.R. 12(B)(1) for lack of subject-matter jurisdiction.

{¶ 3}  CCDCFS is the public children services agency for Cuyahoga County. Pursuant to R.C. 2151.421 and 5153.16, CCDCFS is required to investigate reports of child abuse and neglect occurring within Cuyahoga County.  Upon completion of an investigation, CCDCFS must issue a case disposition or disposition finding regarding the report.  R.C. 2151.421(I)(5).  Under Ohio Adm.Code 5180:2-1-01(B)(274), the disposition is limited to one of several categories, including "substantiated," "indicated," and "unsubstantiated."  Information generated through these investigations is uploaded to the Statewide Automated Child Welfare Information System ("SACWIS"), a centralized case-management system maintained by the Ohio Department of Children and Youth.

{¶ 4}  Pursuant to Ohio Adm.Code 5180:2-33-20 and CCDCFS Policy Statement 2.03.05, an alleged perpetrator who receives a disposition finding has 30 days to appeal that finding internally to CCDCFS, which then conducts an administrative review.  Following the review, the agency may change the disposition if it was made in error, if the alleged perpetrator did not engage in conduct constituting child abuse or neglect, or if the disposition is not supported by the

totality of the information presented. Ohio Adm.Code 5180:2-33-20(G). "The decision of the [agency] regarding the report disposition appeals shall be final and the decisions are not subject to state hearing review under [R.C. 5101.35]." Ohio Adm.Code 5180:2-33-20(H).

{¶ 5} Henderson is a registered nurse and resident of Cuyahoga County. According to her appellate brief, in 2024, Henderson began pursuing the licensing process to own and operate a residential facility serving youth. During that process, she learned that administrative dispositions recorded in SACWIS could affect her ability to obtain such licensure. Henderson requested an internal administrative appeal of multiple dispositions associated with her name in the agency's records.

{¶ 6} CCDCFS conducted an administrative appeal meeting on April 1, 2025. According to Henderson, prior to that meeting, she requested documentation and evidence supporting the underlying allegations and was not provided with the materials she requested. Henderson asserted that during the meeting, she was not permitted to cross-examine witnesses, review investigative materials, or challenge the evidence relied upon by the agency.

{¶ 7} On July 8, 2025, CCDCFS issued a letter authored by Chris Snider, Senior Manager, advising Henderson of the agency's determination following the administrative appeal. The letter stated: "After gathering information from the case record and considering the information you shared at the Administrative Appeal held on April 1, 2025, it has been determined that the disposition of Neglect Indicated on the appealed Intake (#23116300) will be: Upheld: The dispositions for

Intakes 3837600, 3810995, and 3760179 will remain unchanged due to the absence of documentation or evidence to support a change in the dispositions." The letter listed the agency's mailing address as 3955 Euclid Avenue, Cleveland, Ohio 44115, the location of the Jane Edna Hunter Building.

{¶ 8} On July 28, 2025, Henderson filed a notice of appeal with the trial court, asserting an administrative appeal pursuant to R.C. 2506.01 from the July 8, 2025 letter. Henderson's notice of appeal alleged that the July 8, 2025 letter upheld a substantiated disposition of child neglect and that her employment rights had been materially affected by the agency's maintenance of her record. The notice of appeal cited Ohio Adm.Code 5123-30-31(C)(5), which Henderson asserted prohibited individuals with substantiated findings of abuse or neglect from being employed by or owning a residential facility.

{¶ 9} The July 8, 2025 letter, which was attached to Henderson's notice of appeal, reflected that the disposition upheld through the administrative appeal process was a finding of neglect "indicated," not "substantiated." July 8, 2025 letter attached to notice of appeal.

{¶ 10} The record reflects that the clerk of courts attempted to serve the notice of appeal by United States mail. According to the docket and the United States Postal Service notification, on August 4, 2025, the notice of appeal was delivered to "C.C. Mail" at a post office box within the zip code 44101, and a stamp bearing the name "Duane Thomas" was affixed as the recipient indication; no signature was obtained. CCDCFS later confirmed that Duane Thomas is not an

employee of CCDCFS, that CCDCFS does not maintain a post office box, and that CCDCFS is not located within zip code 44101.

{¶ 11} On November 13, 2025, CCDCFS filed a motion to dismiss pursuant to Civ.R. 12(B)(1), arguing that the trial court lacked subject-matter jurisdiction on two independent grounds. First, CCDCFS asserted that Henderson failed to perfect her administrative appeal under R.C. 2505.04 and 2505.07 because CCDCFS did not actually receive the notice of appeal within 30 days of the July 8, 2025 letter.[1] Second, CCDCFS asserted that the July 8, 2025 letter was not a final appealable order under R.C. 2506.01 because the letter did not determine Henderson's "rights, duties, privileges, benefits, or legal relationships."

{¶ 12} In support of its motion, CCDCFS submitted the affidavits of Chris Snider ("Snider") and DeAngelo Royster ("Royster"). Snider, who authored the July 8, 2025 letter, attested that the notice of appeal was never delivered to him through any means and that he never received it. Royster, the custodian of records and records room manager for CCDCFS, also attested that CCDCFS never received the notice of appeal.

{¶ 13} On November 14, 2025, Henderson filed a response in opposition to the motion to dismiss. Henderson submitted her own affidavit in which she attested that she sent the notice of appeal to "CCDCFS at their standard mailing address" by depositing the notice into an "official U.S. Postal Service Mailbox" on July 25, 2025.

---

[1] Failure to perfect service is not addressed in this opinion because the appellant did not challenge service in any assignment of error.

Henderson Affidavit, at ¶ 1-3. Henderson's affidavit did not specify the address written on the envelope, the postage applied, the location of the mailbox, or whether the notice had been returned as undeliverable. The certificate of service attached to Henderson's notice of appeal had previously indicated service by certified mail rather than by ordinary mail.

{¶ 14} Henderson also attached to her response a redacted portion of an email dated December 18, 2024, in which an unidentified sender informed an unidentified recipient that "the identified record on the Ohio SACWIS report would disqualify you from owning/operating a youth residential class 1 facility for youth." The email was sent approximately six months before the July 8, 2025 letter at issue, and the "identified record" referenced in the email was not included in the materials submitted to the trial court.

{¶ 15} On November 25, 2025, CCDCFS filed a reply in support of its motion to dismiss, reiterating that the notice of appeal had never been received by CCDCFS within the 30-day period prescribed by R.C. 2505.07 and that the July 8, 2025 letter, which upheld only an "indicated" disposition, did not affect Henderson's rights, duties, privileges, benefits, or legal relationships within the meaning of R.C. 2506.01.

{¶ 16} On December 15, 2025, the trial court granted CCDCFS's motion to dismiss. The journal entry stated: "Appellee CCDCFS' motion to dismiss, filed 11/13/2025, is granted as this court lacks subject matter jurisdiction and must grant CCDCFS' motion to dismiss regarding appellant's R.C. 2506.01 administrative

appeal of the July 8, 2025 letter upholding a disposition finding of neglect 'indicated.'" (Journal Entry, Dec. 15, 2025.) The trial court assessed court costs to Henderson and directed the clerk of courts to serve the judgment pursuant to Civ.R. 58(B).

{¶ 17} Henderson filed a timely notice of appeal to this court assigning the following errors for our review:

> 1. The administrative appeal process conducted by the Cuyahoga County Division of Children and Family Services violated Appellant's right to procedural due process by failing to provide adequate notice of the allegations and evidence prior to the appeal meeting;
>
> 2. The administrative appeal process violated Appellant's right to a meaningful opportunity to be heard by preventing Appellant from presenting witnesses, examining evidence, or challenging allegations during the appeal meeting; and
>
> 3. The administrative appeal decision lacks sufficient findings of fact and explanation to permit meaningful judicial review.

## II. Subject-Matter Jurisdiction

### A. Standard of Review

{¶ 18} This court reviews a trial court's dismissal for lack of subject-matter jurisdiction de novo. *Jenkins v. Cleveland*, 2019-Ohio-458, ¶ 13 (8th Dist.). When subject-matter jurisdiction is challenged, the party claiming jurisdiction bears the burden of demonstrating that the trial court has jurisdiction over the subject matter. *Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 34.

{¶ 19} The right to appeal an administrative decision is not inherent but must be conferred by statute. *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001). R.C. 2506.01 authorizes appeals to

the common pleas court from final orders of administrative agencies. As relevant here, the Supreme Court of Ohio has held that a public children-services agency's disposition on a child-abuse or neglect allegation under R.C. 2151.421 is not appealable under R.C. 2506.01, because the disposition does not determine a person's rights, duties, privileges, benefits, or legal relationships. *Kyser v. Summit Cty. Children Servs.*, 2024-Ohio-2898, ¶ 8.

**B. Law and Analysis**

{¶ 20} In her first assignment of error, Henderson contends that the administrative appeal process conducted by CCDCFS violated her right to procedural due process because the agency failed to provide adequate notice of the allegations and evidence prior to the appeal meeting.

{¶ 21} Henderson argues that the administrative review process used by CCDCFS was constitutionally inadequate because she was not given the specific allegations or the evidence supporting the dispositions before the appeal meeting, was not permitted to examine evidence or cross-examine witnesses during the meeting, and received a written decision that contained only conclusory statements. She maintained that these deficiencies, measured against the balancing framework of *Mathews v. Eldridge*, 424 U.S. 319 (1976), violated her right to procedural due process because the dispositions recorded in SACWIS bar her from owning, operating, or working in a youth residential facility.

{¶ 22} Henderson framed her first assignment of error as a procedural due-process challenge to the manner in which the agency conducted its administrative

appeal meeting. She argues that she was not provided adequate notice of the allegations or the evidence relied upon before the meeting and that, as a result, she was unable to prepare a defense. The difficulty with Henderson's argument is that it presupposes that the common pleas court, and by extension this court, possessed jurisdiction to review the agency's disposition in the first instance. The record demonstrates that it did not.

{¶ 23} CCDCFS responds that the trial court properly dismissed the appeal for lack of subject-matter jurisdiction because the July 8, 2025 letter upholding a disposition finding of neglect "indicated" was not a final order under R.C. 2506.01. CCDCFS argues, in reliance on *Kyser* and *M.F. v. Cuyahoga Cty. Div. of Children & Family Servs.*, 2024-Ohio-3306 (8th Dist.), that the disposition did not determine Henderson's rights, duties, privileges, benefits, or legal relationships.

{¶ 24} The threshold problem with Henderson's procedural due process argument is jurisdictional. Before a trial court may consider the merits of a challenge, including a constitutional challenge, to an action of a public children-services agency, the matter must come before that court through an authorized appellate vehicle. R.C. 2506.01 is the statute on which Henderson relied, and it authorizes an appeal to the trial court only from a "final order, adjudication, or decision" of an administrative agency that determines a person's "rights, duties, privileges, benefits, or legal relationships." R.C. 2506.01(C); *Kyser*, 2024-Ohio-2898, at ¶ 2.

{¶ 25} In *Kyser*, the Supreme Court of Ohio squarely held that "a public children-services agency's disposition on a child-abuse allegation under R.C. 2151.421 is not appealable under R.C. 2506.01, because the disposition does not determine a person's 'rights, duties, privileges, benefits, or legal relationships.'" *Kyser* at ¶ 8. The Court explained that, although certain consequences may flow to a person accused of abuse from an agency's finding that an allegation is substantiated, the disposition itself does not determine those consequences. *Kyser* at ¶ 2.

{¶ 26} This court applied *Kyser* in *M.F.*, 2024-Ohio-3306 (8th Dist.), holding that the same jurisdictional limitation applies to dispositions issued by CCDCFS and that an alleged perpetrator who fails to come forward with evidence that the agency's disposition actually determined a cognizable right cannot overcome the presumption against appealability under R.C. 2506.01.

{¶ 27} The disposition challenged here is, if anything, further removed from any direct legal consequence than the substantiated disposition at issue in *Kyser*. The July 8, 2025 letter upheld a disposition finding of neglect "indicated," not "substantiated." *See* July 8, 2025 letter attached to notice of appeal. Henderson relied on Ohio Adm.Code 5122-30-31(C)(5) as the source of the asserted deprivation, but that regulation, by its terms, addresses individuals with substantiated findings of abuse or neglect. The letter at issue did not produce a substantiated finding on the appealed intake. Although Henderson asserted in her appellate filings that she has older substantiated dispositions from 2001, 2008, and

2015 that remain on her SACWIS record, those earlier dispositions were not the subject of the July 8, 2025 letter and are not the order from which she appealed under R.C. 2506.01. The trial court's jurisdiction under R.C. 2506.01 extends only to the order actually appealed. *Kyser* at ¶ 8.

{¶ 28} Because the July 8, 2025 letter upholding an "indicated" disposition of neglect did not determine Henderson's rights, duties, privileges, benefits, or legal relationships, it was not a final order under R.C. 2506.01. *Kyser*, 2024-Ohio-2898, at ¶ 8; *M.F.*, 2024-Ohio-3306, at ¶ 25 (8th Dist.). The trial court therefore had no subject-matter jurisdiction over Henderson's administrative appeal.

{¶ 29} Henderson seeks to distinguish *Kyser* and *M.F.* on the grounds that she presented concrete evidence that inclusion in the statewide system affected her ability to obtain licensure. The materials Henderson submitted in opposition to dismissal included an unverified, partial email dated December 18, 2024, with the sender redacted, that referenced an unidentified record. That email predated the July 8, 2025 letter by approximately six months and did not identify the disposition that allegedly disqualified her. Such materials did not establish that the indicated disposition upheld in the July 8, 2025 letter determined her rights, duties, privileges, benefits, or legal relationships. Henderson therefore did not carry her burden of demonstrating jurisdiction. *See Pivonka v. Corcoran*, 2020-Ohio-3476, ¶ 20, citing *State v. Harper*, 2020-Ohio-2913, ¶ 23 ("Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a case. Without subject-matter jurisdiction, a trial court has no power to act.").

{¶ 30} The absence of subject-matter jurisdiction is dispositive of the procedural due process argument advanced under this assignment of error. A court that lacks jurisdiction over the subject matter of an action cannot proceed to adjudicate the merits of the parties' substantive or constitutional claims arising out of that action. Henderson's procedural due process arguments concerning notice, access to evidence, the conduct of the appeal meeting, and the sufficiency of the written decision all presuppose a forum with authority to review the agency's process under R.C. 2506.01. *Kyser* and *M.F.* foreclose that forum on the record before this court. *Kyser* at ¶ 2; *M.F.* at ¶ 25.

{¶ 31} The court is not unsympathetic to Henderson's concern that information maintained in SACWIS may affect her future employment and licensing prospects. The General Assembly and the CCDCFS, not this court, are the appropriate bodies to address the procedural protections that should attend the agency's internal review of disposition findings that do not themselves determine legal rights. Under existing statutory law as construed by the Supreme Court of Ohio in *Kyser*, R.C. 2506.01 did not vest the trial court with jurisdiction to entertain Henderson's appeal or to reach the constitutional question she sought to raise.

{¶ 32} Accordingly, the trial court did not err when it determined that it lacked subject-matter jurisdiction and properly granted CCDCFS's motion to dismiss.

{¶ 33} Therefore, Henderson's first assignment of error is overruled.

{¶ 34} In her second assignment of error, Henderson contends that the administrative appeal process conducted by CCDCFS violated her right to a meaningful opportunity to be heard because she was prevented from presenting witnesses, examining evidence, or challenging allegations during the appeal meeting held on or about April 1, 2025.

{¶ 35} Henderson's second assignment of error rests on the premise that the trial court possessed jurisdiction to reach the merits of her procedural due-process challenge to the administrative appeal meeting conducted by CCDCFS. As fully discussed in our resolution of the first assignment of error, however, we determined that the trial court correctly concluded that it lacked subject-matter jurisdiction under R.C. 2506.01 to review the July 8, 2025 letter upholding the disposition finding of neglect indicated.

{¶ 36} The Ohio Supreme Court has held that a public children services agency's disposition on a child abuse or neglect allegation under R.C. 2151.421 is not appealable under R.C. 2506.01 because the disposition does not determine a person's "rights, duties, privileges, benefits, or legal relationships." *Kyser* 2024-Ohio-2898, ¶ 8. This court applied *Kyser* in *M.F.*, 2024-Ohio-3306, at ¶ 25, and concluded that the appellant there could not overcome the presumption against appealability where the record did not establish that the disposition letter itself worked any concrete legal consequence. The July 8, 2025 letter at issue here upheld only a disposition of neglect "indicated," not "substantiated." (*See* July 8, 2025 letter, attached to notice of appeal.) Henderson identified no statute or regulation

that attaches a present legal disqualification to an "indicated" finding standing alone.

{¶ 37} Because the July 8, 2025 letter is not a final order appealable under R.C. 2506.01, the trial court was without subject-matter jurisdiction to entertain Henderson's administrative appeal in any respect, including her challenge to the procedural adequacy of the underlying agency hearing. A court that lacks subject-matter jurisdiction has no authority to proceed to the merits of any claim presented within that proceeding, including a constitutional one. *Pratts*, 2004-Ohio-1980, at ¶ 11. The trial court accordingly had no occasion, and no power, to consider whether the agency's appeal meeting afforded Henderson notice of allegations, access to evidence, the right to present witnesses, or the right to confront and challenge adverse information.

{¶ 38} Henderson argues in her reply that courts retain authority to review whether government procedures comply with constitutional due process even when an administrative decision is not otherwise appealable. The difficulty for Henderson is procedural: she invoked the trial court's jurisdiction solely through an administrative appeal filed under R.C. 2506.01. She did not file an independent civil action seeking declaratory or injunctive relief, nor did she invoke any other statutory or original jurisdiction of the trial court. The scope of the trial court's authority in this proceeding was therefore bounded by R.C. 2506.01, and that statute did not confer jurisdiction over the July 8, 2025 letter for the reasons explained in connection with the first assignment of error and in *Kyser* and *M.F.*

{¶ 39} The same jurisdictional limitation governs this court's review. As an appellate court, our authority on an R.C. 2506.01 appeal extends no further than the authority of the trial court from which the appeal was taken. Where the trial court properly dismissed for lack of subject-matter jurisdiction, this court cannot reach the procedural due process arguments Henderson seeks to advance on the merits. *M.F.*, 2024-Ohio-3306, at ¶ 12. Whether the administrative appeal meeting conducted by CCDCFS satisfied the requirements of procedural due process is therefore a question we do not, and cannot, decide in this appeal.

{¶ 40} We recognize that Henderson, appearing pro se, raises serious concerns about the structure of the administrative appeal process provided under Ohio Adm.Code 5180:2-33-20, including the absence of any opportunity to subpoena witnesses, to examine investigative materials, or to cross-examine adverse declarants. Nothing in today's decision passes upon the merits of those concerns or forecloses Henderson from pursuing them in a proceeding in which jurisdiction is properly invoked. We hold only that the vehicle Henderson selected, an R.C. 2506.01 administrative appeal from a disposition letter that is not a final order under *Kyser*, did not place those issues before the trial court or this court for resolution.

{¶ 41} Henderson's second assignment of error is overruled.

{¶ 42} In her third assignment of error, Henderson contends that the administrative appeal decision issued by CCDCFS on July 8, 2025 lacked sufficient findings of fact and explanation to permit meaningful judicial review. She argues

that the decision contained only conclusory statements and that, without specific factual findings, a reviewing court could not determine whether the disposition was supported by reliable, probative, and substantial evidence.

{¶ 43} Henderson's third assignment of error presupposes that the trial court had jurisdiction to evaluate the substantive adequacy of the agency's written decision under R.C. 2506.01 and 2506.04. As explained in our disposition of the first assignment of error, however, the trial court correctly determined that it lacked subject-matter jurisdiction over Henderson's administrative appeal. The July 8, 2025 letter upheld a disposition finding of neglect "indicated" and did not determine Henderson's rights, duties, privileges, benefits, or legal relationships within the meaning of R.C. 2506.01. *Kyser*, 2024-Ohio-2898, at ¶ 8; *M.F.*, 2024-Ohio-3306, at ¶ 25 (8th Dist.).

{¶ 44} Because the July 8, 2025 letter was not a final appealable order, the trial court had no authority to reach the merits of Henderson's challenge to the sufficiency of the factual findings contained in that letter. A court that lacks subject-matter jurisdiction cannot evaluate whether an administrative decision is supported by reliable, probative, and substantial evidence, nor can it assess whether the agency's written explanation is adequate to permit such review. For the same reason, this court cannot, on direct appeal from a dismissal for lack of jurisdiction, undertake a substantive review of the agency's factual findings or its reasoning. The jurisdictional defect identified by the trial court necessarily forecloses appellate examination of the substantive adequacy of the administrative decision.

{¶ 45} The trial court's journal entry reflects this limitation. The court dismissed the appeal solely on jurisdictional grounds, granting CCDCFS's motion to dismiss because the court "lack[ed] subject-matter jurisdiction" over the R.C. 2506.01 administrative appeal of the July 8, 2025 letter. The trial court made no findings, and rendered no judgment, regarding the sufficiency of the agency's factual findings or the meaningfulness of the explanation provided in the July 8, 2025 letter. There is, therefore, no substantive ruling on this issue for this court to review.

{¶ 46} To the extent Henderson asks this court to remand the matter for a new administrative hearing accompanied by more detailed factual findings, that relief is unavailable because the underlying appeal was not properly before the trial court in the first instance. A court that lacks jurisdiction cannot order the agency to conduct further proceedings or supplement its written decision. *See Pivonka,* 2020-Ohio-3476, ¶ 20, citing *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 78 (1998). Any remedy Henderson may have regarding the adequacy of the agency's findings must be pursued through the avenues, if any, made available by the statutory and administrative scheme governing public children-services agency dispositions, not through an R.C. 2506.01 appeal that the trial court had no power to entertain.

{¶ 47} Therefore, Henderson's third assignment of error is overruled.

{¶ 48} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR